Royster and others against Leake.
si^efuon of law ey?e»ÍOn Code, voi> i. c 151.) theremedy by against sureties of a deputysheriff, after a judgitef fofthe same cause; such judgment not appearing to be satisfied. The motion also may be made against the sureties,, separately from their principal.
IN this case, Leake, for the benefit of MlCoul, by motion in a summary way, under the 51st section of the execution,law,(1) obtained a judgment in the Richmonddistrict court against Royster and others, sureties for James Vaughan, deputy for Joseph Payne, late sheriff of GoocR land county.
The court gave judgment for the plaintiff, for the sum received by Vaughan, with interest at the rate of 15 per centum per annum, from the second day of September, 1805; whereupon the defendants appealed,
said that the bond given by the deputy sheriff', in this case, was taken under tho common error that the sheriff’s office lasted two years. This is precisely the case of The Commonwealth v. Fairfax, 4 Hen. Munf. 208. The sureties were not answerable for the second year.
He contended, moreover, that, under the 51st section of the execution law, the remedy by motion being given against the deputy sheriff, or his sureties, the plaintiff’ had not a right to obtain one judgment against the deputy, and another against the sureties. Besides, the law allows either a joint or a several motion; but this is neither one nor the other, (a)
No counsel appeared for the appellee;
but, after inspecting the .record, and considering the case, the court unanimously affirmed the judgment.